**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN ROMERO-MEZA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72908<br><br>Agency No. A075-522-150<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Agustin Romero-Meza, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider the BIA's dismissal of his appeal from an immigration judge's decision terminating his removal proceedings.  We dismiss the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because an order terminating removal proceedings is not a final order of removal, we lack jurisdiction to consider Romero-Meza's petition for review of his motion to reconsider the dismissal of his appeal of the order terminating removal proceedings. *See Alcala v. Holder*, 563 F.3d 1009, 1013-16 (9th Cir. 2009); *see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . shall be available only in judicial review of a final order [of removal].").

To the extent Romero-Meza contends that the court has jurisdiction to review his 1999 expedited removal order, this contention fails. *See* 8 U.S.C. § 1252(e)(2); *Garcia de Rincon v. Dep't. of Homeland Sec.*, 539 F.3d 1133, 1138-39 (9th Cir. 2008) ("[W]hatever relief might be gained by the operation of § 1252(a)(2)(D) and the 'gross miscarriage' standard, it is unavailable to [petitioner] because her underlying removal order is an *expedited* removal order that is subject to additional jurisdictional bars—8 U.S.C. §§ 1252(a)(2)(A) and 1252(e) . . . [and §] 1252(e) only permits review of expedited removal orders in a habeas corpus petition" (emphasis in original)).

**PETITION FOR REVIEW DISMISSED.**